**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KERRY MATTHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-818-R** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES, LLC., and EXPERIAN INFORMATION SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Defendants' Joint Motion to Dismiss [Doc. No. 40], which is fully briefed [Doc. Nos. 41, 46, 47-1] and at issue.[1]

This case concerns a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., which was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To help achieve this end, the FCRA provides consumers with a private cause of action against credit reporting agencies that negligently or willfully violate its provisions. *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (citing 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*). Pertinent here, § 1681g of the FCRA provides that every credit reporting agency shall, upon request, "clearly and

[1] The Court previously granted Plaintiff's Motion for Leave to File Surreply and instructed Plaintiff to fall the surreply within seven days [Doc. Nos. 47, 49]. Although Plaintiff failed to comply with the order, the Court has considered the arguments asserted in the surreply that was attached to Plaintiff's motion as an exhibit.

accurately disclose to the consumer [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).[2]

In his Amended Complaint [Doc. No. 36], Plaintiff alleges that Defendants Equifax Information Services, LLC and Experian Information Services Solutions, Inc. negligently and/or willfully violated this provision by failing to clearly and accurately disclose all the information in Plaintiff's file. More specifically, Plaintiff alleges that he obtained copies of his consumer credit disclosures from Equifax and Experian but the disclosures contained omissions and inaccurate information. The Amended Complaint identifies the information missing from each of his several accounts. Am. Compl. ¶¶ 18, 21, 22, 23, 24, 25, 30, 32, 33, 34, 35, 36, 46. Plaintiff further alleges that Defendants omitted the information from Plaintiff's disclosure despite being provided with more complete information and the omissions prevented Plaintiff from understanding and verifying the accuracy of the information contained in the file. *Id.* ¶¶ 49, 50, 51, 61.

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that Plaintiff lacks standing and has failed to state a claim upon which relief may be granted. The challenge to Plaintiff's standing is a facial attack on the sufficiency of the allegations. In reviewing a facial attack, the Court must accept the allegations in the operative pleading as true. *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). Similarly, in a considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept "all well-pleaded allegations as true and view[] them in the light most favorable to the

[2] The statute contains some limited exceptions that are not dispositive of the issues raised here.

plaintiff." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

With these standards in mind, the Court turns to Defendants' arguments in support of dismissal. Defendants first argue that Plaintiff has failed to state a claim under § 1681(g) because he has not alleged that he made a direct request for "all" information in his file. *See Gray v. Experian Info. Sols., Inc.*, No. 8:23-CV-981-WFJ-AEP, 2023 WL 6895993, at *4 (M.D. Fla. Oct. 19, 2023) ("To state a claim under § 1681(g), a plaintiff must plead that she requested a disclosure of her information from the reporting agency."). The Amended Complaint alleges that Plaintiff "obtained" copies of his consumer credit disclosures through a centralized source and he "requested his file" from Experian in writing on February 6, 2025. ¶¶ 13, 27. Construed in Plaintiff's favor, the allegations are sufficient to raise the plausible inference that Plaintiff made a request for all information in his file.

Defendants also argue that Plaintiff fails to state a claim under § 1681g because he only alleges that certain information was omitted from the disclosures, which is not sufficient to show that the disclosed information was inaccurate or incomplete, and that the alleged damages are simply not plausible. *See Dotson v. Nat'l Consumer Telecommunications & Util. Exch., Inc., No.* CIV-25-1171-SLP, 2026 WL 575337, at *3 (W.D. Okla. Mar. 2, 2026) (explaining that the "blank fields Plaintiff identifies do not

necessarily indicate that NCTUE withheld information in violation of § 1681g" because the credit reporting ageny "does not originate the underlying data" and cannot disclose information that was never provided to it). The Amended Complaint alleges that Defendants maintained additional account-level information that was not disclosed, identifies the specific categories of information that were inaccurately omitted, and explains how the omissions harmed him. Am. Compl. ¶¶ 45-50. Viewed in Plaintiff's favor, the allegations are sufficient to survive dismissal.

Defendants next argue that Plaintiff failed to include factual allegations that are sufficient to establish a willful violation of the FCRA.

> A willful violation is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA. Recklessness is measured by an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known. A company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) (internal quotations marks, citations, and brackets omitted). Plaintiff alleges that Defendants routinely fail to disclose required information to consumers as a matter of the policy and their disclosure practices have been subjected to prior regulatory scrutiny and litigation. Am. Compl. ¶¶ 77-84. Again, when viewed in Plaintiff's favor, these allegations raise a plausible inference that Defendants had knowledge of its improper disclosure practices and failed to make changes. The allegations are therefore minimally sufficient to state a claim for a willful violation.

Defendants' final argument is that, to the extent Plaintiff's claim is based on truncated account numbers, he lacks standing to pursue the claim because he has not alleged a concrete injury. *See Laufer,* 22 F.4th at 876, 881 (explaining that standing "requires a concrete injury even in the context of a statutory violation" and an "informational injury that causes no adverse effects" is not sufficient) (quotations omitted)). Defendants' standing argument is not well-developed[3] and does not account for the portion of Plaintiff's claim that is based on omissions and inaccuracies that go beyond simply truncating accounts numbers. Moreover, because Defendants raise a facial attack on the allegations and the case is only at the pleading stage, Plaintiff's allegations of injury must be taken as true. Given this standard, and the perfunctory arguments on this issue, the Court is not persuaded that dismissal for lack of standing is appropriate at this stage.

Although the question is close, the Court concludes that Plaintiff's allegations are sufficient to survive dismissal. *See Lewis v. Equifax Information Services LLC.,* CIV-26-1284-J (W.D. Okla. July 24, 2026) (concluding that similar allegations were sufficient to survive dismissal). Of course, whether Plaintiff will be able to establish standing or the elements of his claim at the dispositive motion stage is an entirely different matter.

Accordingly, Defendants' Joint Motion to Dismiss [Doc. No. 40] is DENIED.

IT IS SO ORDERED this 26th day of August, 2026.



**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff's briefing is equally unhelpful and, at times, responds to arguments that were not raised or mischaracterizes the allegations. Nevertheless, the Court is not persuaded that the response is so lacking that the arguments have been conceded or confessed.